UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JULIE-ANNE DENTICI,
an individual,

    Plaintiff,

vs.

CASE NO:

GIANMARCO PIZZA LLC,

    Defendant.
_____/

# COMPLAINT

Plaintiff, Julie-Anne Dentici ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues GIANMARCO PIZZA LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the Northern District of Alabama

pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, Julie-Anne Dentici (hereinafter referred to as "Dentici"), is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. Dentici suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from cerebral palsy, requires a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the instant action, Dentici had reservations for dinner with a friend at Defendant's premises and visited the Defendant's premises at issue in this matter on November 1, 2019. Dentici was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Dentici continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist, as more fully described hereinbelow.

4. The Defendant, GIANMARCO PIZZA LLC is a limited liability company registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief GIANMARCO PIZZA LLC (hereinafter referred to as "GIANMARCO") is the owner, lessee and/or operator of the real

property and improvements that are the subject of this action, specifically: The GianMarco Italian Restaurant and Wine Bar located at 712 Broadway Street, in Birmingham, Alabama (hereinafter referred to as the "Restaurant").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## GENERAL FACTUAL ALLEGATIONS

6. At the time reservations were made for Plaintiff to dine at the Restaurant on November 1, 2019, GIANMARCO was advised that Plaintiff would require a wheelchair accessible table.

7. When Plaintiff and her friend arrived on November 1, 2019, at approximately 5:30 p.m., Plaintiff could see no wheelchair accessible parking spaces or access aisles provided in the Restaurant's parking lot. Due to her reliance on hand controls and need to deploy her lift to exit her vehicle, Plaintiff could not use the valet service and had to self-park her vehicle and rely on valet attendants to ensure a path was left for her to gain entrance to her vehicle when she was ready to leave.

8. Upon entering the Restaurant, Plaintiff found no wheelchair accessible route to access the wheelchair accessible table from the main entry. As a result, Restaurant staff had Plaintiff enter from what is, upon information and

belief, a fire exit on the far end of the dining area and was seated in a table adjacent to this exit.

9. Due to the close proximity of tables in the dining area, there was no wheelchair accessible route for Plaintiff to leave her table by the fire exit as necessary to access the public toilet rooms without causing other guests to stand so their tables could be moved as necessary for her to pass.

10. When Plaintiff asked Restaurant staff how she could get to the bathroom without inconveniencing other guests, she was made to feel a spectacle during a conference that ensued with several Restaurant staff who gestured toward Plaintiff frequently while trying to determine how to create an accessible route from her table to the public toilet rooms.

11. As no route could be created without inconveniencing other guests, Plaintiff chose to leave early, without dessert, in an effort to locate a nearby accessible public toilet room.

## **COUNT I - VIOLATION OF THE ADA**

12. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42

U.S.C. §12181; 20 C.F.R. §36.508 (A).

13.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned or operated by GIANMARCO is a place of public accommodation in that it is a restaurant and retail wine store operated by a private entity that provides goods and services to the public.

14.     Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

15.     The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant and Wine Bar owned or operated by GIANMARCO.  Prior to the filing of this lawsuit, Plaintiff visited the Restaurant and Wine Bar at issue in this lawsuit on November 1, 2019, and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 18, below, that she personally encountered. Specifically, no accessible parking is provided for her ramp equipped motor vehicle, no accessible route is provided sufficient for Plaintiff to travel from the main entry to an accessible table, nor from an accessible table in the main dining room to the

public toilet rooms, without Restaurant staff having to move other tables and require other patrons to stand up from their meals to allow Dentici room to pass, forcing her to leave earlier than anticipated. Subsequent investigation revealed that, even had an accessible route to the existing public toilet rooms been provided, the public toilet rooms contain barriers to access that would have prevented Plaintiff from using it, and the wine bar behind the main restaurant lacks an accessible route to enter due to the presence of a step and provides no wheelchair accessible tables or seating positions within.

16. Plaintiff continues to desire and intends to visit the Restaurant and Wine Bar, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurant and Wine Bar in violation of the ADA. Dentici has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

17. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

18. GIANMARCO is in violation of 42 U.S.C. §12181 *et seq.* and 28

C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

    i. There is no accessible or van accessible parking provided in the parking lot;

    ii. There is no accessible route to enter the Gianmarco wine bar behind the main restaurant due to a step that is not ramped;

    iii. There are no wheelchair accessible tables or seating positions within the Gianmarco wine bar;

    iv. There is no policy to ensure that wheelchair users are seated in wheelchair accessible tables in the main restaurant that are located along an accessible route to the toilet rooms and main entrance;

    v. There is an insufficient number of wheelchair accessible tables and seating positions located in the main restaurant;

    vi. The toilet rooms have door hardware requiring tight grasping, pinching and twisting of the wrist to operate and to lock.

    vii. The toilet room mirrors are mounted too high for a wheelchair user.

    viii. The flush valve on the water closets face the narrow side of the toilet rooms.

    ix.    The wheelchair maneuvering space in the women's toilet room is obstructed by furniture within the toilet room.

19. There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by GIANMARCO that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

20. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

21. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, GIANMARCO was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, GIANMARCO has failed to comply with this mandate.

22. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

23. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against GIANMARCO and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 4th day of December, 2019.

                                        Respectfully submitted,

                                        By:   /s/ Edward I. Zwilling
                                        Edward I. Zwilling, Esq.
                                        AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email: edwardzwilling@zwillinglaw.com